crime referred to and described in the complaint, this demurring defendant, the Fidelity & Casualty Company of New York, Inc., is not liable to the plaintiff on account thereof under the terms of the official bond which it executed for J. Cal Williams, sheriff of Rutherford County, copy of which is attached to the complaint in this cause."

The judgment of the court below is as follows: "This cause coming on to be heard, and being heard before his Honor, J. A. Rousseau, Judge presiding at the February Term, 1939, of the Superior Court of Rutherford County, upon the demurrer herein filed by the defendant, the Fidelity & Casualty Company of New York, Inc., and upon consideration of said demurrer and the argument of counsel, the court being of opinion that the complaint does not allege a cause of action against said defendant, and for that reason defendant is entitled to have the demurrer sustained: It is therefore considered and adjudged by the court that the demurrer filed by said defendant, the Fidelity & Casualty Company of New York, Inc., be and the same is hereby sustained, and as to said defendant the action is dismissed.　J. A. Rousseau, Judge Presiding."

The plaintiff appealed to the Supreme Court and makes as her only assignment of error the signing of the judgment appearing in the record.

*Jake F. Newell, John A. McRae, and B. F. Wellons for plaintiff.*

*Johnson & Uzzell for defendant, the Fidelity & Casualty Company of New York, Inc.*

PER CURIAM.　We do not think the Surety bond covers the tort complained of by plaintiffs.　The present case is governed by *Davis v. Moore,* 215 N. C., 449.

The judgment of the court below is
Affirmed.

———————————

ELSIE V. RATLEDGE v. OTTIS J. REYNOLDS ET AL.

(Filed 27 September, 1939.)

APPEAL by plaintiff from *Alley, J.,* at April Term, 1939, of SURRY.

Civil action in ejectment.

It appears from the record that on 3 January, 1925, L. E. Cockerham and wife conveyed the *locus in quo* to J. W. Brookshire and wife, Alma Brookshire.

Plaintiff and defendant both claim under J. W. Brookshire and wife, Alma Brookshire.

Plaintiff offered in evidence a connected paper chain of title from the common source and rested.

Defendant offered in evidence deed of trust from J. W. Brookshire and wife, Alma Brookshire, to Carolina Mortgage and Indemnity Company, foreclosure, etc.

The trial court held that on the record as presented, the defendant had shown the better title, and entered judgment of nonsuit. Plaintiff appeals.

*R. A. Freeman, William M. Allen, and Hoke F. Henderson for plaintiff, appellant.*
*Earl C. James for defendants, appellees.*

PER CURIAM. While a directed verdict might have been the better procedure, the plaintiff has shown no harm from the form of the judgment entered.

Affirmed.

---

M. N. TOXEY ET AL. *v.* W. B. MEGGS ET AL.

(Filed 27 September, 1939.)

**Appeal and Error § 38—**

When the Supreme Court is evenly divided in opinion, one Justice not sitting, the judgment of the lower court will be affirmed without becoming a precedent.

APPEAL by defendants from *Carr, J.,* at March Term, 1939, of CAMDEN.

Civil action to restrain defendants from cutting timber on plaintiffs' land, and to recover damages for trespass already committed.

From verdict and judgment for plaintiffs, the defendants appeal, assigning errors.

*M. B. Simpson and McMullan & McMullan for plaintiffs, appellees.*
*Chester R. Morris and R. Clarence Dozier for defendants, appellants.*

PER CURIAM. One member of the Court, *Winborne, J.,* not sitting, and the remaining six being evenly divided in opinion whether reversible error has been shown, the judgment of the Superior Court is affirmed, accordant with the usual practice in such cases, and stands as the decision in the instant case, without becoming a precedent. *Allen v. Ins. Co.,* 211 N. C., 736, 190 S. E., 735, and cases there cited.

Affirmed.